QUESTION:
Does the National Railroad Service Act of 1970, which established the National Railroad Passenger Corporation (AMTRAK), supersede state law so as to render unconstitutional proposed S.B. 8, which would authorize the Public Service Commission to require railroads in Florida to permit the use of their tracks for other passenger service at reasonable compensation?
SUMMARY:
Proposed S.B. 8, which authorizes the Public Service Commission to require railroads in Florida to permit the use of their tracks and facilities for other passenger service at reasonable compensation, would be unconstitutional to the extent that it conflicts with the National Railroad Service Act of 1970. Proposed S.B. 8 would conflict with the National Railroad Service Act of 1970 in that it would empower the Public Service Commission to require the National Railroad Passenger Corporation to permit the use of its tracks and facilities for other passenger service.
Proposed S.B. 8, which is being considered by the Senate Committee on Economic, Community and Consumer Affairs, amends s. 350.12, F. S., to read:
350.12 Duties and powers of commissioners. —
(2) And they shall have power:
 (o) To require railroads and railroad companies to permit the use of their tracks and other facilities for passenger service by the state, other governmental entities, or privately owned transportation companies at a reasonable and just compensation. (Emphasis supplied.)
The question presented is what effect the Rail Passenger Service Act of 1970 has on the bill. In the Rail Passenger Service Act, Congress established the National Railroad Passenger Corporation with the purpose of developing the potential of modern rail service in meeting the nation's intercity passenger transportation requirements. 45 U.S.C. § 541. The corporation's powers are set forth in 45 U.S.C. § 545 as follows:
 (a) The Corporation is authorized to own, manage, operate, or contract for the operation of intercity trains operated for the purpose of providing modern, efficient, intercity transportation of passengers and to carry mail and express on such trains; to conduct research and development related to its mission; and to acquire by construction, purchase, or gift, or to contract for the use of, physical facilities, equipment, and devices necessary to rail passenger operations. The Corporation shall, consistent with prudent management of the affairs of the Corporation, rely upon railroads to provide the employees necessary to the operation and maintenance of its passenger trains and to the performance of all services and work incidental thereto, to the extent the railroads are able to provide such employees and services in an economic and efficient manner. Insofar as practicable, the Corporation shall directly operate and control all aspects of its rail passenger service. To carry out its functions and purposes, the Corporation shall have the usual powers conferred upon a stock corporation by the District of Columbia Business Corporation Act.
The act also contains a provision, 45 U.S.C. § 546(c), which states:
 The Corporation shall not be subject to any State or other law pertaining to the transportation of passengers by railroad as it relates to rates, routes, or service. (Emphasis supplied.)
The act further provides in 45 U.S.C. § 561(c):
 No railroad or any other person may, without the consent of the corporation, conduct intercity rail passenger service over any route over which the Corporation is performing scheduled intercity rail passenger service pursuant to a contract under this section.
In view of these provisions, it is clear that, as drafted, S.B. 8 is in direct conflict with the Rail Passenger Service Act, to the extent that the bill affects rates, routes, and service of railroad passenger transportation within the authority of the corporation. The Supremacy Clause of the United States Constitution requires that interpretation, as state laws that conflict with the laws of the United States must yield to the federal statutes. U.S. Constitution, Art. VI, cl. 2; Parden v. Terminal Railway of the Alabama State Docks Department,377 U.S. 184 (1964). Therefore, the State of Florida cannot pass legislation to allow the Public Service Commission to require the National Railroad Passenger Corporation to permit the use of its tracks and facilities for other passenger service without violating 45 U.S.C. § 546(c) and s. 561(c). The act, however, provides a mechanism by which states can request additional rail passenger service of the corporation by agreeing to reimburse the corporation for a reasonable portion of any losses incurred through such service. 45 U.S.C. § 546(b).
The act does not seem to preclude all rail passenger service by the state or other privately owned transportation companies. The state might be able to provide rail passenger service as long as this service does not interfere with the service provided by the National Railroad Passenger Corporation. See informal Attorney General's letter to Representative Jones, dated November 5, 1976. The state may provide rail passenger service over routes where the corporation has not established a scheduled service, but a problem may arise if the corporation should begin to provide a service over the same route. The state may also provide rail passenger service not within the authority of the corporation such as a commuter service, which is not considered `intercity' service as defined by the act. `Intercity' service is defined as all rail passenger service other than `commuter and other shorthaul service in metropolitan or suburban areas. . . .' 54 U.S.C. § 502(5). SeeIn re Penn Central Transportation Co., 457 F.2d 381 (3rd Cir. 1972). The state may not, however, conduct intercity rail passenger service over any route on which the corporation is conducting a service, unless the corporation consents to such service by the state. 45 U.S.C. § 561(c).
Therefore, the State Public Service Commission may be authorized to regulate intrastate rail passenger service when not in conflict with federal authority as expressed in the National Railroad Service Act. Atlantic Coast Line R. Co. v. State, 143 So. 255
(Fla. 1932). The National Railroad Passenger Corporation is not a governmental agency, but is a private corporation organized under federal law, and is subject to the laws of the state in which it is located, if such laws do not interfere with the purpose of its creation or destroy its efficiency. National Railroad Passenger Corporation v. Miller, 358 F. Supp. 1321 (D.Kan. 1973), aff'd,414 U.S. 948 (1973). But the question remains as to what state or privately provided rail passenger service would interfere with the National Railroad Passenger Corporation. This issue would have to be decided on a case-by-case basis and cannot be determined in this opinion.
Prepared by: William C. Sherrill, Jr. Assistant Attorney General J. Elisabeth Middlebrooks Legal Research Assistant